IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SHARON M. MARCELLINO,** ) | FILED: FEBRUARY 12, 2009 |
| ) | 09CV903 |
| **Plaintiff,** ) | JUDEG DER-YEGHIAYAN |
| ) | MAG. JUDGE COLE |
| ) | Case No. JN |
| ) | |
| **v.** ) | |
| ) | |
| **FEDEX** ) | **JURY TRIAL DEMANDED** |
| ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT AT LAW

Now comes, the Plaintiff, Sharon M. Marcellino ("Marcellino") by and through her attorneys, Barry A. Gomberg & Associates, Ltd., and complaining of the Defendant, FedEx, states as follows:

### COUNT I-AMERICANS WITH DISABILITIES ACT

1. Marcellino brings this cause pursuant to the Americans with Disabilities Act, 42 U.S.C.A. 12101 et seq., and the Civil Rights Act of 1991. Jurisdiction also arises pursuant to 28 U.S.C. 1343(4).

2. Marcellino has filed this cause subsequent to the timely filing of a Charge of Discrimination based on disability and perceived disability with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto and incorporated herein as Exhibit A.

Case: 1:09-cv-00903 Document #: 1 Filed: 02/12/09 Page 2 of 3 PageID #:2


3. Marcellino has filed this cause pursuant to a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

4. Marcellino, at all times relevant hereto, was a disabled person as defined by 42 U.S.C.A. § 12102(2).

5. Marcellino, at all times relevant hereto, was regarded as being disabled by her employer.

6. Defendant, at all times relevant hereto, operated and did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C.A. § 12111(5).

7. Marcellino was employed in various capacities for Respondent, and most recently as a Senior Service Agent until she was terminated on or about October 1, 2006.

8. In direct violation of the Americans with Disabilities Act, 42 U.S.C.A. §12101 et seq., Defendant, by its agents and employees, engaged in the discriminatory acts described in the Charge of Discrimination attached hereto as Exhibit A and incorporated herein by reference.

9. As a result of Defendant's discriminatory conduct as aforesaid, Marcellino has suffered injury to her career as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

10. Defendant's discriminatory conduct, as aforesaid, was done with malice and/or with reckless indifference to Marcellino's civil rights. Marcellino is therefore entitled to punitive damages pursuant to 42 U.S.C. § 1981a.

**WHEREFORE**, Plaintiff Sharon Marcellino prays for judgment against Defendant FedEx, as follows:

A. For an award of compensatory damages for injury to Plaintiff's career, emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, lost wages and other non-pecuniary damages;

B. For an award of punitive damages and lost wages in an amount to be determined at the time of trial;

C. For reinstatement, instanter, with all pay, benefits and privileges Plaintiff had before her employment ended;

D. For front pay, with all pay, benefits and privileges she had before she was forced to retire, if the Court deems reinstatement *instanter* to be inappropriate;

E. For attorney's fees and costs of this suit, including expert witness fees;

F. For pre-judgment interest in an amount to be determined at the time of trial; and

G. For such other relief as is just and equitable.

Respectfully submitted,

SHARON MARCELLINO

By: _____
      One of Her Attorneys

Barry A. Gomberg
Chris S. Banks
BARRY A. GOMBERG & ASSOC., LTD.
53 West Jackson Blvd., Suite 1350
Chicago, Illinois 60604
(312) 922-0550