IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHARON M. MARCELLINO,           )
                                )
        Plaintiff,               )
                                )
    v.                           )    No. 09 C 903
                                )
FEDERAL EXPRESS CORPORATION,    )
                                )
        Defendant.               )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Sharon M. Marcellino's motions in limine and on Defendant Federal Express Corporation's (FedEx) motions in limine. For the reasons stated below, we grant in part and deny in part the motions in limine.

## DISCUSSION

I. Marcellino's Motions In Limine

Marcellino has filed eight motions in limine.

A. Marcellino's Motion in Limine Number 1

Marcellino requests in motion in limine number 1 that the court bar the

declarations of Marianne Mock, Richard McMahon, and Mary Meissner. Marcellino contends that such declarations are hearsay. FedEx acknowledges that the declarations, if offered for the truth of the statements contained therein, would be hearsay. (Ans. M1 1-2). FedEx argues, however, that it is improper to bar the declarations in the abstract before the start of the trial since they may become admissible for other purposes at trial, such as to show a prior inconsistent statement. We agree that Marcellino has failed to show that the declarations should be barred prior to trial for all purposes and we deny Marcellino's motion in limine number 1.

B. Marcellino's Motion in Limine Number 2

Marcellino requests in motion in limine number 2 that the court bar evidence of Marcellino's at-will employee status. Marcellino states that she is concerned that the average juror, when hearing that Marcellino was an at-will employee, will believe that Marcellino had no rights in regard to her employment. Marcellino contends that such evidence is irrelevant and overly prejudicial. FedEx contends that Marcellino's at-will employee status is relevant to their defense. We agree that Marcellino's status would be relevant in this action, which is premised on the ultimate termination of Marcellino's employment. Marcellino's at-will employment status shows that FedEx had the right to terminate Marcellino's employment for any

2

reason, as long as it was not an unlawful reason, such as discrimination based on a disability. *See, e.g., Darchak v. City of Chicago Bd. of Educ.*, 580 F.3d 622, 628 (7th Cir. 2009)(defining an at-will employee as "one whose employment has a nonspecific duration that can be terminated for any reason"); *Mattenson v. Baxter Healthcare Corp.*, 438 F.3d 763, 767 (7th Cir. 2006)(stating that the plaintiff "was an employee at will who could be fired for any reason not forbidden by the age discrimination law"). FedEx can introduce evidence of Marcellino's at-will employment status. The jurors will be properly instructed as to the law and will be instructed that if jurors find that FedEx unlawfully discriminated against Marcellino because of her disability, then FedEx would have violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111 *et seq.*. Marcellino has not provided any concrete basis to conclude that jurors that are thus instructed will presume that Marcellino had no rights because of her at-will employee status. Therefore, we deny Marcellino's motion in limine number 2.

C. Marcellino's Motion in Limine Number 3

Marcellino requests in motion in limine number 3 that the court bar any references at trial to settlement negotiations between the parties. FedEx indicates that there has not been any meaningful settlement negotiations between the parties

3

and that it is unclear what Marcellino is referring to in this motion. FedEx also contends that, although it does not intend to offer evidence of settlement negotiations for any improper purpose, it is premature to assess whether such evidence would be admissible at trial. Federal Rule of Evidence 408 (Rule 408) provides that references to settlement negotiations are generally not admissible. Fed. R. Evid. 408(a). Rule 408, however, also provides that such evidence may be admissible in certain instances, such as to prove a witness' bias or prejudice. Fed. R. Evid. 408(b). We agree that generally references to settlement negotiations would be inadmissible, however, we cannot, in the abstract, assess whether evidence of settlement negotiations between the parties would be inadmissible for all purposes and, thus, it is premature to exclude such evidence at this juncture. Therefore, we deny Marcellino's motion in limine number 3. We caution FedEx that if it intends to introduce such evidence during the trial, FedEx should first address it with the court.

D.  Marcellino's Motion in Limine Number 4

Marcellino requests in motion in limine number 4 that the court bar references to the timing of the filing of her charge of discrimination. Marcellino contends that it is irrelevant that she filed her charge of discrimination five months after her

4

termination since its was filed in a timely fashion under the law.  Marcellino also contends that such references would be overly prejudicial.  However, as FedEx correctly points out, the timing of the filing of the charge of discrimination is relevant for determining which alleged discriminatory acts fall within the 300-day limitations period for an ADA claim.  *See, e.g., Stepney v. Naperville School Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004).  Thus, the timing of the filing of the charge of discrimination is relevant in this action, and FedEx may raise such facts if it is necessary to make clear to the jury that certain acts outside the limitations period cannot be the basis of the claims in this action.  Marcellino has not shown how the timing of the filing of the charge of discrimination would be overly prejudicial.  However, Marcellino is correct that it would be irrelevant and overly prejudicial for FedEx to point out that the filing of the charge of discrimination was five months after Marcellino's termination and to insinuate, based on her failure to immediately file a charge of discrimination, that she was not diligent or was not actually subjected to discrimination.  Therefore, we grant in part and deny in part Marcellino's motion in limine number 4.  FedEx can point out the date of the filing of the charge of discrimination in order to show that certain alleged acts were outside the limitations period.  FedEx is barred from eliciting testimony or making arguments to emphasize that the filing of the charge of discrimination five months after Marcellino's

termination somehow defeats her otherwise proper claims.

E.  Marcellino's Motion in Limine Number 5

Marcellino requests in motion in limine number 5 that the court bar any references to Marcellino taking paid vacation days in July and/or August 2006 instead of performing light-duty work.  Marcellino argues that such evidence is irrelevant and overly prejudicial.  Defendant opposes the motion and Marcellino, in her reply, seeks to withdraw the motion.  (M5 Reply 1).  Therefore, we deny as moot Marcellino's motion in limine number 5.

F.  Marcellino's Motion in Limine Number 6

Marcellino requests in motion in limine number 6 that the court bar any references to her workers' compensation claims and the settlement of such claims. FedEx does not object to the motion, as long as it includes barring references to facts relating to the workers' compensation claims, such as their causes, their impact on Marcellino, restrictions related to such injuries, pain and suffering related to such injuries, and any other evidence relating to workers' compensation claims or lawsuits brought against FedEx and any settlements of such claims.  Marcellino opposes such a broad prohibition of evidence relating to her workers' compensation claims.  We

agree that Defendants have not shown that all evidence relating to Marcellino's workers' compensation claims should be barred at this juncture. It is conceivable that facts relating to the workers' compensation claims, such as Marcellino's injuries relating to such claims, may be relevant to her disability discrimination claims in the instant action. Thus, it is premature to broadly bar all facts related to workers' compensation claims at this juncture. However, the workers' compensation claims themselves and the fact that they were settled should not be referenced at trial, since such facts would be irrelevant and overly prejudicial. Therefore, we grant Marcellino's motion in limine number 6.

G.  Marcellino's Motion in Limine Number 7

Marcellino requests in motion in limine number 7 that the court exclude FedEx's witnesses from the courtroom until they are called to testify. FedEx does not object to the instant motion. (Ans. M7 1). In accordance with this court's own trial procedures, witnesses other than those permitted to remain as party representatives are excluded from the courtroom during the trial. Therefore, we deny as moot Marcellino's motion in limine number 7.

H. Marcellino's Motion in Limine Number 8

Marcellino requests in motion in limine number 8 that the court bar the testimony of Rosemary Reyna (Reyna), Mary Schmitt (Schmitt), and Cynthia Coyle (Coyle) because, according to Marcellino, they were not properly disclosed by FedEx prior to trial. Pursuant to Federal Rule of Civil Procedure Rule 26(a)(1) (Rule 26(a)(1)), "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. . . ." Fed. R. Civ. P. 26(a)(1). Federal Rule of Civil Procedure Rule 26(e) also requires a party to supplement Rule 26(a)(1) disclosures upon discovering new information. Fed. R. Civ. P. 26(e).

FedEx argues that Marcellino cannot claim to be surprised that Reyna, Schmitt, and Coyle possess relevant knowledge for the instant action since it was Marcellino herself that identified the individuals during her deposition as co-workers that could be compared to herself as evidence that she was unlawfully discriminated against by FedEx. It was thus Marcellino herself that identified the individuals as those that might have information relevant to this case. (Mar. Dep. 112, 325, 238-39,

251-55). There has been no showing by Marcellino that she was inhibited in any way from deposing Reyna, Schmitt, and Coyle or obtaining discovery relating to such individuals. If Marcellino desired to prosecute her case by trying to show that Reyna, Schmitt, and Coyle were similarly situated and treated more favorably than Marcellino, it was incumbent upon Marcellino to conduct her own discovery as to such individuals. In addition, to the extent that Marcellino could show that FedEx failed to provide complete Rule 26(a)(1) disclosures, the record indicates that such a violation was harmless since Marcellino herself indicated she was aware of the significance of Reyna, Schmitt, and Coyle in this case. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)(stating that "'the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless'")(quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)). Therefore, we deny Marcellino's motion in limine number 8.

II. FedEx's Motions In Limine

    FedEx has filed four motions in limine.

    A. FedEx's Motion in Limine Number 1

    FedEx requests in motion in limine number 1 that the court bar any evidence

relating to alleged harassment or discrimination that took place more than 300 days prior to the filing of the charge of discrimination by Marcellino. *See Stepney*, 392 F.3d at 239 (explaining the 300-day limitation period for ADA claims). However, as Marcellino correctly points out, although conduct that occurs outside the 300-day limitations period is generally not actionable conduct, it may still be relevant conduct for certain purposes, such as providing background information. The court cannot weigh in advance of the trial what relevance such unidentified evidence would have or its prejudicial effect. FedEx has not shown that all conduct relating to alleged harassment or discrimination outside the 300-day limitations period should be excluded in advance of trial. The jury will be properly instructed as to the 300-day limitations period. The court will rule on a case-by-case basis to any objections as to the admission of any evidence of alleged harassment or discrimination that took place more than 300 days prior to the filing of the charge of discrimination by Marcellino. Therefore, we deny FedEx's motion in limine number 1.

B.  FedEx's Motion in Limine Number 2

FedEx requests in motion in limine number 2 that the court bar any evidence concerning Nancy Carrozza (Carrozza), Leon Wallace (Wallace), and Diane Tuzzolino (Tuzzolino). FedEx contends that such individuals were not similarly

situated to Marcellino, and thus she cannot properly compare herself to them at trial to meet the similarly-situated requirement. In support of its motion, FedEx cites caselaw, which deals with a plaintiff's need to meet the similarly-situated requirement under the *McDonnell Douglas* burden-shifting analysis at the summary judgment stage. (F Mem. 4-10); *see, e, g., McGowan v. Deere & Co.*, 581 F.3d 575, 579-82 (7th Cir. 2009)(affirming district court's ruling on a motion for summary judgment); *Radue v. Kimberly-Clark Corp.* 219 F.3d 612, 617-20 (7th Cir. 2000)(same); *Smith v. Stratus Computer, Inc.*, 40 F.3d 11, 18 (1st Cir. 1994)(same). FedEx, however, cites no caselaw that stands for the proposition that the similarly-situated requirement must be proven by a plaintiff at trial. In fact, the Seventh Circuit has held that "once evidence has been presented at trial, the burden-shifting of the *McDonnell Douglas* method falls away, and the question is simply whether that evidence is sufficient to allow a reasonable jury to find in favor of the plaintiff." *Hall v. Forest River, Inc.*, 536 F.3d 615, 621 (7th Cir. 2008); *see also Hossack v. Floor Covering Associates of Joliet, Inc.*, 492 F.3d 853, 861 (7th Cir. 2007)(stating in a Title VII case that "once a case reaches trial, the *McDonnell Douglas* burden shifting framework should no longer be considered" and that "[d]uring and after any Title VII trial, the sole legal issue is whether the plaintiff presented sufficient evidence to permit a rational jury to determine that she was the victim of intentional

discrimination"). Thus, the similarly-situated requirement is not applicable at this stage of this case. If Marcellino introduces evidence at trial to show that she was similarly situated to Carrozza, Wallace, and Tuzzolino, and that Marcellino was treated less favorably, FedEx can present its own evidence to try to show that such individuals were not similarly situated to Marcellino. FedEx has not provided sufficient justification at this juncture to bar all evidence relating to Carrozza, Wallace, and Tuzzolino. Therefore, we deny FedEx's motion in limine number 2.

### C. FedEx's Motion in Limine Number 3

FedEx requests in motion in limine number 3 that the court bar references to Marcellino's workers' compensation claims, such as their causes, their impact on Marcellino, restrictions related to such injuries, pain and suffering related to such injuries, and any other evidence relating to workers' compensation claims or lawsuits brought against FedEx and any settlements of such claims. As indicated above in regard to Marcellino's motion in limine number 6, it is conceivable that facts relating to the workers' compensation claims, such as Marcellino's injuries relating to such claims, may be relevant to her disability discrimination claims in the instant action. Thus, it is premature to bar all such references at this juncture. However, as indicated above, the workers' compensation claims themselves and the fact that they

12

were settled should not be referenced at trial, since it would be irrelevant and overly prejudicial. Therefore, we deny FedEx's motion in limine number 3.

### D. FedEx's Motion in Limine Number 4

FedEx requests in motion in limine number 4 that evidence concerning John Cernuska should be barred since he was not properly disclosed by Marcellino prior to trial. Marcellino has not objected to this motion. Therefore, we grant FedEx's motion in limine number 4.

## CONCLUSION

Based on the foregoing analysis, we grant Marcellino's motion in limine number 6 and deny Marcellino's motion in limine numbers 1-3, 5, and 7-8. We also grant in part and deny in part Marcellino's motion in limine number 4. In addition, we grant FedEx's motion in limine number 4 and deny FedEx's motion in limine numbers 1-3.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 20, 2010